# 24-916(L)

## 24-1121(CON)

# United States Court of Appeals
### *for the*
## Second Circuit

TIFFANY RUTLEDGE, INDIVIDUALLY AND AS MOTHER,
GENERAL GUARDIAN OF, ET AL., KRISTOPHER WHITE, BRIDGET MCCONNELL, ALEXANDER
HOLLAND, CHRISTINE HOLLAND,

*Plaintiffs-Appellants,*

—against—

WALGREEN CO., COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, CVS
PHARMACY, INC., SAFEWAY, INC., WALMART INC., A DELAWARE CORPORATION, RITE AID
CORPORATION, FAMILY DOLLAR, INC., TARGET CORPORATION, SAM'S WEST, INC.,
DOLLAR TREE, INC., 7-ELEVEN, INC., FAMILY DOLLAR STORES, INC., THE KROGER CO.,
DOLLAR TREE STORES, INC., JOHNSON & JOHNSON CONSUMER INC., BIG LOTS, GIANT
FOOD LLC, ALBERTSON'S, HARRIS TEETER LLC,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

### *AMICUS CURIAE* BRIEF OF EPIDEMIOLOGISTS YINONG YOUNG-XU, MARC WEISSKOPF & GRAHAM COLDITZ IN SUPPORT OF APPELLANTS

JOHN R. BYRNE
MADERAL BYRNE & FURST PLLC
2800 Ponce de Leon Boulevard
Suite 1100
Coral Gables, Florida 33134
(305) 520-5690

*Attorney for Amicus Curiae Yinong Young Xu, Marc Weisskopf & Graham Colditz*

# TABLE OF CONTENTS

INTEREST OF AMICI CURIAE ................................................................... 1

ARGUMENT ................................................................................................ 1

CONCLUSION ............................................................................................. 3

## INTEREST OF *AMICI CURIAE*[1]

*Amici curiae* are doctors of epidemiology who have dedicated their careers to teaching, studying, and practicing epidemiology. They are published epidemiologists with a strong interest in the correct application and development of epidemiological principles.

The arguments stated herein are those of *amici curiae* in their individual capacities and not necessarily those of their employers or institutions with which they may be affiliated. Further, they have no opinion on the merits of the underlying litigations.

## ARGUMENT

The district court's order regarding the expert opinion of Dr. Andrea Baccarelli espouses two fundamental misconceptions of causal analysis in epidemiology which *amici curiae* address here.

First, "transdiagnostic" or multiple-outcome meta-analyses, such as the Bradford-Hill analysis, are appropriate and commonly used tools in epidemiology to assess causality of those multiple outcomes. This is especially true where the

---

[1] No counsel for any party authored this brief in whole or in part, and no person or entity, other than amici curiae or their counsel, made a monetary contribution to fund the preparation or submission of this brief. Further, all parties have consented to the filing of briefs of amicus curiae pursuant to Federal Rule of Appellate Procedure 29(a)(2).

diagnostic outcomes are the subject of joint study because they are comorbid and exist on a larger spectrum of similar disorders with clinically abstract distinctions.

No rule against multiple-outcome meta-analyses exists. Nor is there some universal analytical predicate that must be satisfied before engaging in a multiple-outcome meta-analysis. As a matter of basic epidemiological principle, engaging in a joint Bradford-Hill analysis of ASD and ADHD outcomes would be an accepted practice. The district court was wrong to categorically reject Dr. Baccarelli's approach in this regard.

Second, in assessing causality it is clearly appropriate to consider studies measuring relevant symptoms as the outcome—*on a study-by-study basis*—in addition to studies measuring diagnoses as the outcome. To argue otherwise is simply to argue against the consideration of relevant information.

As always, considering such a study requires thorough consideration of its weaknesses and limits—both because of the nature of the outcome measured and because of whatever other weaknesses and limits any study might have. But it is not good epidemiology to necessarily consider all symptom-based outcome studies equally just because they are symptom-based outcome studies. As with any study, each would have its own varying strengths and weaknesses.

By way of example, the association between exposure to a drug and feeling sad obviously would be relevant to consider in assessing the causal relationship

between that exposure and clinical depression. But one study considering such an association might have more weaknesses than another.

Further, in evaluating a meta-analysis weighing individual studies, the fact that studies given more weight tend to prove a hypothesis is not necessarily indication of a biased analysis. If a causal association does exist, strong studies are likely to demonstrate it, and a correct identification of those stronger studies would also identify studies likely to support the hypothesis.

The district court was wrong to discount Dr. Baccarelli's weighing of symptom-based studies because it "seems to depend on whether the study's result supports his ultimate opinion about a causal connection." A-5553.

## CONCLUSION

For these reasons, the district court erred.

Dated: July 24, 2024

<div style="margin-left:40%">

/s/ John R. Byrne
John R. Byrne
Maderal Byrne & Furst PLLC
2800 Ponce de Leon Boulevard
   Suite 1100
Coral Gables, Florida 33134
(305) 520-5690

*Attorney for Amicus Curiae*
*Yinong Young Xu, Marc Weisskopf*
*& Graham Colditz*

</div>

3