# 24-916(L)

## 24-1121(CON) 24-2360(CON)

IN THE

# United States Court of Appeals
### FOR THE SECOND CIRCUIT

TIFFANY RUTLEDGE, INDIVIDUALLY AND AS MOTHER, GENERAL GUARDIAN OF, ET AL., KRISTOPHER WHITE, BRIDGET MCCONNELL, ALEXANDER HOLLAND, CHRISTINE HOLLAND,

*Plaintiffs-Appellants,*

—against—

WALGREEN CO., COSTCO WHOLESALE CORPORATION, CVS HEALTH CORPORATION, CVS PHARMACY, INC., SAFEWAY, INC., WALMART INC., A DELAWARE CORPORATION, RITE AID CORPORATION, TARGET CORPORATION, SAM'S WEST, INC., DOLLAR TREE, INC., 7-ELEVEN, INC., FAMILY DOLLAR STORES, LLC, THE KROGER CO., DOLLAR TREE STORES, INC., JOHNSON & JOHNSON CONSUMER INC., BIG LOTS, GIANT FOOD, LLC, ALBERTSON'S, HARRIS TEETER LLC, DOLGENCORP, LLC,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR AMICUS CURIAE LAWYERS FOR CIVIL JUSTICE

Raffi Melkonian
WRIGHT, CLOSE & BARGER LLP
1 Riverway, Suite 2200
Houston, TX 77056

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 29(c)(1), the Lawyers for Civil Justice provides the following disclosures:

1. The amicus curiae is a not-for-profit corporation.

2. The amicus curiae has no parent corporation.

3. There is no publicly held corporation that owns 10% or more of the amicus curiae's stock.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ............................................ 2

TABLE OF CONTENTS .................................................................... 3

INDEX OF AUTHORITIES .......................................................... 4

STATEMENT OF INTEREST OF AMICUS CURIAE ............................ 8

SUMMARY OF ARGUMENT .................................................... 13

ARGUMENT .............................................................................. 15

I.    The recent amendment to Rule 702 clarifies existing law that trial courts must vigorously exercise their gatekeeping function. ...................................................... 15

      A.    Federal Rule 702, not *Daubert*, governs the standard for introduction of expert testimony in federal court. ................................................. 16

      B.    The Supreme Court adopted clarifications to Rule 702 to correct erroneous gatekeeping practices. ................. 21

II.   The district court correctly applied Rule 702. .............................. 24

      A.    The district court correctly stated the test for application of Rule 702. ....................................... 24

      B.    Plaintiffs and their amici misconstrue Rule 702. ................. 26

CONCLUSION ........................................................................ 33

CERTIFICATE OF COMPLIANCE ........................................... 34

CERTIFICATE OF SERVICE ................................................... 35

# INDEX OF AUTHORITIES

Cases

*Ambrosini v. Labarraque,*
  101 F.3d 129 (D.C. Cir. 1996) ........................................................ 26, 31

*Elosu v. MiddleFork Ranch Inc.,*
  26 F. 4th 1017 (9th Cir. 2022) ............................................................ 30

*Hardeman v. Monsanto,*
  997 F.3d 941 (9th Cir. 2021) .............................................................. 20

*Harris v. Fedex Corp. Svcs., Inc.,*
  92 F. 4th 286 (5th Cir. 2024) ............................................................. 25

*In re Bair Hugger Forced Air Warming Devices Prods. Liability Lit.,*
  9 F. 4th 768 (8th Cir. 2021) ............................................................... 19

*In re Joint E. & S. Dist. Asbestos Litig.,*
  52 F.3d 1124 (2d Cir. 1995) ......................................................... 27, 30

*In re Onglyza (Saxagliptin) and Kombiglyze (SaxaGliptin and
  MetaFormin) Prods. Liab. Litig.,*
  93 F. 4th 339 ...................................................................................... 25

*In re Sem Crude LP,*
  648 F. App'x 205 (3d Cir. 2016) ........................................................ 20

*Kansas City S. Ry. Co. v. Sny Island Levee Drainage Dist.,*
  831 F.3d 892 (7th Cir. 2016) ............................................................. 19

*Loudermill v. Dow Chem. Co.,*
  863 F.2d 566 (8th Cir. 1988) ............................................................. 19

*Messick v. Novartis Pharms. Corp.,*
  747 F.3d 1193 (9th Cir. 2014) ........................................................... 20

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC,*
  976 F.3d 761 (7th Cir. 2020) ............................................................... 8

*Sardis v. Overhead Door Corp.,*
    10 F.4th 268 (4th Cir. 2021) ............................................................23

*Wendell v. GlaxoSmith Kline LLC,*
    858 F.3d 1227 (9th Cir. 2017) ........................................................20

*Werth v. Makita Elec. Works Ltd.,*
    950 F.2d 643 (10th Cir. 1991) .........................................................20

## Statutes

28 U.S.C. § 2072(a) ...........................................................................16

28 U.S.C. § 2072(b) ....................................................................16, 17

28 U.S.C. § 2073(d) ...........................................................................16

## Rules

Fed. R. App. P. 29(c)(1).......................................................................2

FRE 104(a).............................................................................10, 22, 29

FRE 702 ............................................................................... passim

## Other Authorities

Bayer Corp., *Amending Federal Rule of Evidence* 702 at 1, 20-
    EV-O Suggestion from Bayer -Rule 702 (Sept. 30, 2020) ...................18

Ford Motor Co., *Amending Federal Rule of Evidence 702*, at 3,
    20-EV-L Suggestion from Ford – Rule 702 (Sept. 26, 2020)...............18

Hon. Patrick J. Schiltz, Report of the Advisory Committee on
    Evidence Rules (May 15, 2022) at 6, in COMMITTEE ON
    RULES OF PRACTICE & PROCEDURE JUNE 2022
    AGENDA BOOK 866 (2022) ........................................................20, 28

Lawyers for Civil Justice, *Clarity and Emphasis: The
    Committee's Proposed Rule 702 Amendment Would Provide
    Much-Needed Guidance About the Proper Standards for
    Admissibility of Expert Evidence and the Reliable*

*Application of an Expert's Basis and Methodolology,* Comment to Advisory Committee on Evidence Rules (Sept. 1, 2021); https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0007 .................................................................. 8

Lawyers for Civil Justice, *Federal Rule of Evidence 702: A One-Year Review and Study of Decisions in 2020*, submitted to Advisory Committee on Evidence Rules (September 30, 2021), https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0008 .................................................................. 8

Lawyers for *Civil Justice, Why Loudermill Speaks Louder than the Rule: A\\"DNA\\" Analysis of Rule 702Case Law Shows that Courts Continue to Rely on Pre-Daubert Standards Without Understanding that the 2000 Amendment Changed the Law*, Comment to the Advisory Committee on Rules of Evidence and Rule 702 Subcommittee (Oct. 20, 2020); https://www.uscourts.gov/sites/default/files/20-ev-y_suggestion_from_lawyers_for_civil_justice_rule_702_0.pdf .......................................................................................... 8

Memorandum from Daniel J. Capra, Reporter, Advisory Comm. on Evidence Rules, *Forensic Evidence, Daubert and Rule 702* (Apr. 1, 2018), at 43, in ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2018 AGENDA BOOK 49 (2018) ........................ 17

Memorandum from Daniel J. Captra and Liese L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules*, Possible Amendment to Rule 702* (Oct. 1,2024), at 4, in ADVISORY COMMITTEE ON EVIDENCE RULES NOVEMBER 2021 AGENDA BOOK 135 (2021) .................................................................. 9

Memorandumfrom Daniel J. Capra, Reporter, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Apr. 1,2021) , in ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 90 (2021) .............................................................. 21

Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039 (2020) ................................................................16

## STATEMENT OF INTEREST OF AMICUS CURIAE[1]

Lawyers for Civil Justice (LCJ)[2] is a national coalition of defense trial lawyer organizations, law firms, and corporations that promotes excellence and fairness in the civil justice system to secure the just, speedy, and inexpensive determination of civil cases. Since 1987, LCJ has advocated for procedural reforms that (1) promote balance in the civil justice system; (2) reduce the costs and burdens associated with litigation; and (3) advance predictability and efficiency in litigation. Working through the Rules Enabling Act process, LCJ often urges proposals to reform aspects of the Federal Rules of Civil Procedure and Federal Rules of Evidence. As amicus curiae, LCJ seeks to act as a true friend of the court and to "add value" to the court's "evaluation of the issues presented on appeal." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers). LCJ's interest here is to provide the Court with its views on

---

[1] All parties have consented to the filing of this brief. Counsel certifies that (1) no counsel for a party authored this brief in whole or in part; (2) no party or party's counsel contributed money that was intended to fund the preparation or submission of this brief; and (3) no person or entity—other than amicus curiae—contributed money intended to fund the preparation or submission of this brief.

[2] LCJ's members are listed on its website, at the "About Us" tab. https://www.lfcj.com/about-us.html.

the development and meaning of Federal Rule of Evidence 702. In this case, that means supporting the exhaustive efforts of the district court to correctly perform its gatekeeping function.

LCJ is one of the entities with the most granular knowledge on the meaning, history, and application of Rule 702 and on interpretation by courts. LCJ has for years focused on Rule 702, drawing on the collective experience of its members who litigate in the federal courts. For example, LCJ submitted several extensive comments, including original research, to the Judicial Conference Advisory Committee on Evidence Rules (referred to in this brief as the Advisory Committee).[3] LCJ's analysis identified many courts that failed to recognize that the sufficiency of an

---

[3] *See, e.g.*, Lawyers for Civil Justice, *Clarity and Emphasis: The Committee's Proposed Rule 702 Amendment Would Provide Much-Needed Guidance About the Proper Standards for Admissibility of Expert Evidence and the Reliable Application of an Expert's Basis and Methodology*, Comment to Advisory Committee on Evidence Rules (Sept. 1, 2021); https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0007 (henceforth "Clarity and Emphasis"); *Why Loudermill Speaks Louder than the Rule: A "DNA" Analysis of* Rule 702 Case Law Shows that Courts Continue to Rely on Pre-Daube*rt Standards Without Understanding that the 2000 Amendment Changed the Law*, Comment to the Advisory Committee on Rules of Evidence and Rule 702 Subcommittee (Oct. 20, 2020); https://www.uscourts.gov/sites/default/files/20-ev-y_suggestion_from_lawyers_for_civil_justice_rule_702_0.pdf; Lawyers for Civil Justice, Federal Rule of Evidence 702: A One-Year Review and Study of Decisions in 2020, submitted to Advisory Committee on Evidence Rules (September 30, 2021), https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0008.

expert's factual basis is an *admissibility* consideration under Rule 702(b) and fail to apply Rule 104(a)'s burden of proof to expert admissibility decisions. In that process, LCJ advocated for specific changes, including adding an explicit reference to the court as the decision-maker to the rule's test, so that Rule 702 would give unmistakable direction about judges' gatekeeping responsibility. LCJ's contributions had direct benefits in the rulemaking process, as recognized by the Reporters to the Advisory Committee on Evidence Rules.[4]

LCJ has also recently submitted amicus briefs in both the United States Supreme Court and in federal courts of appeals urging courts to give meaning to Rule 702 and its requirements. *See, e.g.*, *Monsanto Company v. Edwin Hardeman,* 21-241 (U.S. Supreme Court); *Fischer v. BMW of North Am.*, No. 20-01399 (United States Court of Appeals for the Tenth Circuit); *Daniels-Feasel et al. v. Forest Pharmaceuticals, et al.*, No. 22-146 (United States Court of Appeals for the Second Circuit); *Harris v.*

---

[4] *See, e.g.*, Memorandum from Daniel J. Captra and Liese L. Richter, Reporters, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, Possible Amendment to Rule 702 (Oct. 1, 2024), at 4, in ADVISORY COMMITTEE ON EVIDENCE RULES NOVEMBER 2021 AGENDA BOOK 135 (2021) ("LCJ's suggestion to reinsert a reference to the court has much to commend it… Given the fact that the reason the rule is being amended is that some courts did not construe the 2000 amendment properly, it makes eminent sense to make it as explicit as possible.").

*Fedex Corp. Svcs., Inc.*, No. 23-20035 (United States Court of Appeals for the Fifth Circuit); *In re: Paraquat Products Liability Litigation*, Nos. 24-1865, 24-1866, 24-1867, 24-1868 (United States Court of Appeals for the Seventh Circuit). LCJ has also submitted amicus briefs in state supreme courts. Mostly recently, LCJ filed an amicus brief in *In re Zantac (Ranitidine) Litigation,* Case No. 255, 244 (Delaware Supreme Court). In each case—as it does here—LCJ has endeavored to clarify the proper standards for the admission of expert testimony under Rule 702.

LCJ and its members have an interest in ensuring that the admissibility standard under Rule 702 be consistently interpreted across the nation, particularly with respect to the burden of production and the reliability criteria set forth in that rule. That standard, and not local variations that modify or remove elements or alter the explicit admissibility requirements, reflect the governing law. LCJ also strongly believes that judges should play a central role as gatekeepers in determining the admissibility of expert witness testimony and thus ensure the aim of Rule 702 by allowing only what is admissible evidence from experts to be presented to the finder of fact.

The issues presented here are at the core of LCJ's mission and its work over many years on Rule 702. LCJ believes it is essential to the proper interpretation of Rule 702 that the Court affirm the judgment below and emphasize the centrality of the Amended Rule's text in doing so.

## SUMMARY OF ARGUMENT

Before Rule 702 was amended in 2023, "many courts" (including some district courts in this circuit) incorrectly applied the rule and stated that "the critical questions of sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility." FED. R. EVID. 702 advisory committee's note to 2023 Amendment. So man courts made this mistake, with such frustrating regularity, that eventually Rule 702's text was changed to "clarify and emphasize that expert testimony *may not be admitted* unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." *Id.* (emphasis added)

The district court properly applied Rule 702's requirements to exclude Plaintiffs' general-causation experts. Plaintiffs' experts' "transdiagnostic" approach is legally flawed. But Plaintiffs' experts' opinions should be excluded even if the court were to accept the transdiagnostic approach to ASD and ADHD. *See, e.g.,* SPA-54. This brief focuses on this alternative holding and more particularly, Plaintiffs' and their amici's mistaken understanding of Rule 702. Under that theory,

Rule 702 stands for nothing more than the discredited notion that all expert testimony is a question for the jury to analyze.

Here, the district court correctly recognized that Rule 702 is the source of authority for evaluating expert evidence, not pre-Rule 702 authority that has long been rejected. Consistent with Rule 702(b)'s directive to evaluate the sufficiency of the expert's facts or data, the district court carefully analyzed Plaintiffs' causation expert testimony. This evaluation included recognizing that an expert must not only "use reliable principles and methods but also that the expert's opinion reflects a reliable application" of those principles and methods to the case. *See* SPA-57 *citing* FED. R. EVID. 702. Evidence for that latter criterion was sorely lacking.

Plaintiffs and their amici take a dim view of Rule 702. They complain that the Rule's text sounds in "judicial fiat," Appellants' Br. at 28, "inappropriately usurp[s] the role of the jury," and even "infringe[s] on the parties' Seventh Amendment rights." *See* Brief for Amici Curiae Law Professors in Support of Plaintiffs-Appellants, ECF Doc. No. 14 ("Law Professors Brief"). Another amicus bemoans the "relentless, decades-long, anti-jury campaign"" that, it imagines, caused the Rule's

14

current text. Brief of the American Association for Justice as Amicus Curiae in Support of Plaintiffs-Appellants, ECF Doc. No. 130 ("AAJ Brief").

Those arguments would be better directed at the body that writes the Rules rather than a court which must apply them as written. But at any rate, none of that is correct. Properly interpreting court rules governing the admissibility of evidence protects the integrity of the jury trial and preserves the public's faith in the outcomes of those trials. Rule 702 ensures that only reliable and relevant expert testimony is presented to the jury, safeguarding the trial's evidentiary standards. Far from usurping the jury's role, applying Rule 702 strengthens the integrity of the trial by helping the jury focus on sound, fact-based evidence. The district court correctly stated and articulated Rule 702 in this case. The judgment below should be affirmed.

## ARGUMENT

### I. The recent amendment to Rule 702 clarifies existing law that trial courts must vigorously exercise their gatekeeping function.

As shorthand, many courts have stated that the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) governs expert admission standards in federal court. That is

inaccurate. Rule 702, enacted under the Rules Enabling Act, establishes the governing standard. But some courts have long ignored the standards in Rule 702 to announce a far more permissive standard for expert admission than the rule prescribes. In particular, courts have erroneously adopted a presumption of admissibility, spoken of Rule 702 having, "liberal thrust" in favor of expert testimony, and held that all disputes about admissibility should be given wholesale to the jury to decide. The Advisory Committee has now addressed those misunderstandings, clarifying and emphasizing the proper standard in Rule 702. The district court here properly interpreted Rule 702, as amended, to preclude admission of unreliable testimony.

### A. Federal Rule 702, not *Daubert*, governs the standard for introduction of expert testimony in federal court.

*Daubert* is not the standard for admitting expert testimony. In federal court, that standard has always been set by the Rules of Evidence. The Rules Enabling Act gives the power to make procedural rules to the Supreme Court and the Judicial Conference committees. 28 U.S.C. § 2072(a) and (b). Those rules must include an "explanatory note" on the rule. 28 U.S.C. § 2073(d). The clarification to the expert witness admissibility standard set forth in Federal Rule of Evidence 702 was

adopted by the Supreme Court and submitted to Congress in 2023 following rulemaking actions conducted under the Rules Enabling Act.[5] Thus amended, Rule 702 supersedes any other law, including cases decided by the courts of appeal: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). Thus, the "elements of Rule 702, not the caselaw, are the starting point for the requirements of admissibility." *See* Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 NOTRE DAME L. REV. 2039, 2060 (2020).

Courts applying Rule 702 must decide whether the necessary elements for admission of opinion testimony have been shown by a preponderance of the evidence. *See* FED. R. EVID. 702 (the proponent must demonstrate "to the court that it is more likely than not that" the elements are established). The subsections of Rule 702 enumerate the specific criteria that the expert must meet. For example, Rule 702(b)

---

[5] Communication from the Chief Justice Transmitting Amendments to the Federal Rules of Evidence (Apr. 24, 2023) at 1, 7, https://www.govinfo.gov/content/pkg/CDOC-118hdoc33/pdf/CDOC-118hdoc33.pdf.

mandates that opinion testimony must be "based on sufficient facts or data" and thus the court must decide the adequacy of an expert's factual foundation as a matter of admissibility. *See* Memorandum from Daniel J. Capra, Reporter, Advisory Comm. on Evidence Rules, *Forensic Evidence, Daubert and Rule 702* (Apr. 1, 2018), at 43, in ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2018 AGENDA BOOK 49 (2018).

Corrective action became necessary because many courts went astray. As the Advisory Committee observed before adopting the 2023 amendment, "many courts have held that the critical questions of the sufficiency of an expert's basis" are questions of "weight and not admissibility," which is an "incorrect application of Rules 702 and 104(a)." Rule 702 advisory committee's note to 2023 amendment.[6] The Advisory Committee's comment stems from the fact that some federal

---

[6] *See also* Memorandum from Daniel J. Capra, Reporter, Advisory Comm. on Evidence Rules, to Advisory Comm. on Evidence Rules, *Forensic Evidence, Daubert, and Rule 702* (Apr. 1, 2018) at 49, in ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2018 AGENDA BOOK 49 (2018) ("[T]here are a number of lower court decisions that do not comply with Rule 702(b) or (d)… [S]ome courts have defied the Rule's requirements, which stem from *Daubert* – that the sufficiency of an expert's basis and the application of methodology are both admissibility questions requiring a showing to the court by a preponderance of the evidence.").

caselaw misapprehends the controlling law.[7] While litigants "should have paid more attention to Federal Rule of Evidence 702, which superseded *Daubert* many years ago," outdated and problematic authority is still cited by courts around the country. *Kansas City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016).

Reviewing examples of this misunderstanding of the gatekeeping standard in the federal system illustrates the problem. For instance, the Eighth Circuit incorrectly applied a highly permissive admissibility test taken from precedent that long-predates Rule 702, concluding that opinion testimony can be excluded only if it is "so fundamentally unsupported" by its factual basis that "it can offer no assistance to the jury." *In re Bair Hugger Forced Air Warming Devices Prods. Liability Lit.*, 9 F. 4th 768 (8th Cir. 2021).

---

[7] Reinforcing the LCJ study cited in note 3 above, other observers have also shown that federal courts have not followed the gatekeeping standard in Rule 702. *See* Bayer Corp., *Amending Federal Rule of Evidence 702* at 1 & n. 1, 20-EV-O Suggestion from Bayer -Rule 702 (Sept. 30, 2020), (discussing more than 200 rulings issued since January 2015 that include erroneous law quoting erroneous language from *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988); *see also* Ford Motor Co., *Amending Federal Rule of Evidence 702*, at 3 & n. 11, 20-EV-L Suggestion from Ford – Rule 702 (Sept. 26, 2020) (discussing problematic rulings rooted in pre-*Daubert* caselaw within the Fourth Circuit), 20-ev-l_suggestion_from_ford_motor_company_-_rule_702_0.pdf (uscourts.gov).

The Third Circuit similarly declared—directly contrary to the Rule's text—that Rule 702 somehow "embod[ies] a strong preference for admitting any evidence that may assist the trier of fact" and requiring a "liberal policy of admissibility." *In re Sem Crude LP*, 648 F. App'x 205, 213 (3d Cir. 2016). Some courts invoked the Tenth Circuit's statement in *Werth v. Makita Elec. Works Ltd.*, 950 F.2d 643, 654 (10th Cir. 1991) that "doubts concerning" testimony's "factual sufficiency" go simply to the weight of the evidence. And the Ninth Circuit starkly read *Daubert* as "favoring admission" and often affirmed challenged experts' admission based on that diluted standard. *See Hardeman v. Monsanto*, 997 F.3d 941 (9th Cir. 2021), *citing Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014); *accord Wendell v. GlaxoSmith Kline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017). District courts in this circuit have also made similar misstatements. *See, e.g., AngioDynamics, Inc. v. C.R. Bard, Inc.*, 537 F. Supp.3d 273, 342 (N.D.N.Y. 2021) (stating that questions of expert admissibility should be "left to the trier of fact to resolve"); *A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC*, 364 F. Supp.3d 291, 324 (S.D.N.Y. 2019) (reciting "weight not admissibility" error). These decisions

misapplied Rule 702 and thus required action by the Supreme Court to bring court interpretations into line with the law.[8]

## B. The Supreme Court adopted clarifications to Rule 702 to correct erroneous gatekeeping practices.

Because of the confusion among some courts, as shown above, the Advisory Committee engaged in detailed rulemaking work to remedy some courts' misunderstanding of Rule 702 and highlight judicial gatekeeping in the admission of expert testimony without substantively changing the rules. These efforts resulted in the Judicial Conference authorizing and the Supreme Court adopting important clarifications to Rule 702, precisely to repudiate the view (expressed by "many courts") that "the critical questions of the sufficiency of an expert's basis" and the "application" of the expert's methodology are questions of "weight and not admissibility." Rule 702 advisory committee's note to 2023 amendment.

---

[8]  *See* Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, *in* COMMITTEE ON RULES OF PRACTICE & PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022) (emphasis added):

> many courts have declared that the reliability requirements set forth in Rule 702(b) and (d) – that the expert has relied on sufficient facts or data and has reliably applied a reliable methodology – are questions of weight and not admissibility, and more broadly that expert testimony is presumed to be admissible. *These statements misstate Rule 702*, because its admissibility requirements must be established to a court by a preponderance of the evidence.

As the Advisory Committee observed, these "rulings are an incorrect application of Rules 702 and 104(a)." The 2023 changes to Rule 702 make "quite clear" as "a simple matter of textual analysis" that it is "wrong" to state "[t]here is a presumption in favor of admitting expert testimony."[9] This is not a change to the rule. It is a clarification of already existing law and a correction of prior misapplications.

The 2023 Amendments do not impose "any new, specific, procedures," but instead "clarify" the gatekeeping approach that has always been intended: that Rule 702 is governed by Federal Rule of Evidence 104(a)'s requirement that the *court* must decide "any preliminary question" of a witness's admissibility. *See* Rule 702 advisory committee's note to 2023 amendment. *See also* Rule 702 advisory committee's note to 2000 amendment. ("the trial judge in all cases…must find that [expert testimony] is properly grounded, well-reasoned, and not speculative *before it can be admitted*") (emphasis added). Because the amendment does not substantively change the expert admissibility standard, and instead corrects the misconceptions that some courts have

---

[9] Memorandum from Daniel J. Capra, Reporter, Advisory Committee on Evidence Rules, to Advisory Committee on Evidence Rules, *Possible Amendment to Rule 702* (Apr. 1, 2021) at 11, *in* ADVISORY COMMITTEE ON EVIDENCE RULES APRIL 2021 AGENDA BOOK 90 (2021).

shown in their application of Rule 702, the understanding reflected in the amendment and the Advisory Committee's analysis must inform courts' gatekeeping assessments now. *See Sardis v. Overhead Door Corp.*, 10 F.4th 268, 284 (4th Cir. 2021) (discussing Advisory Committee's analysis and concluding "[i]t clearly echoes the existing law on the issue.").

The 2023 amendment clarified misconceptions about Rule 702 in three key ways. *First*, the amendment confirms as Rule 702 had always required that the *court* must rule on admissibility before allowing the evidence to be shown to the trier of fact—this change emphasizes that such questions are *not* for the jury to decide.

*Second*, the amendment places the preponderance of the evidence standard within the text of Rule 702, requiring the proponent of expert evidence to "demonstrate[] to the court that it is *more likely than not*" that all the requirements of Rule 702 are satisfied. *See* Rule 702, 2023 Amendment. This change renders unmistakable the fact that the "preponderance standard applies to the three reliability-based requirements added in 2000," contrary to the incorrect holdings of some courts. *See* Rule 702 advisory committee's note to 2023 amendment. This amendment shows that an even-handed preponderance of proof test, and

23

not some presumption of admissibility of opinion testimony, is how judges must determine experts' admissibility.

*Third*, Rule 702(d) is amended to emphasize that each expert opinion must "reflect a reliable application" of her principles and methods to the fact of the case. Although this standard "does not require perfection," the Advisory Committee emphasized that an expert may not make claims that are "unsupported" by the expert's basis and methodology. Again, judicial gatekeeping is necessary to protect jurors, who lack specialized knowledge and so may be unable to "evaluate meaningfully the reliability" of an expert's testimony, from being misled. *Id.*

## II. The district court correctly applied Rule 702.

### A. The district court correctly stated the test for application of Rule 702.

The district court eschewed the mistakes courts have made in the past when deciding Rule 702 motion. First, the district court properly recognized that Rule 702 "governs the admission of expert testimony in federal court." SPA-49. It thus avoided the problem discussed above of relying on hand-me-down statements traceable to pre-2000 case law that Rule 702 rejected. The district court also properly recognized that the

purpose of the 2023 Amendments was to "emphasize" that "judicial gatekeeping is essential" to help jurors who lack the skills and knowledge to "meaningfully evaluate the reliability of scientific and other methods." SPA-51, n. 27. Thus, the district court focused on whether the experts employed "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." SPA-53. The district court also properly understood that not all inconsistencies in result are "best explored on cross-examination." SPA-81. To the contrary, the district court has a duty to analyze whether the expert has *addressed* the inconsistencies in his work to justify bringing it forth to the jury. Finally, the district court correctly observed that courts must not be "pioneers, forging new trails in scientific thinking…" SPA-121-122.

The district court's observations were all consistent with Amended Rule 702. As explained above, the recent federal amendment was adopted to rectify "decisions incorrectly holding that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility." *In re Onglyza (Saxagliptin) and Kombiglyze (SaxaGliptin and MetaFormin) Prods. Liab. Litig.*, 93 F. 4th 339, 348 n. 7 (6th Cir. 2024); *Harris v. Fedex*

*Corp. Svcs., Inc.*, 92 F. 4th 286, 303 (5th Cir. 2024) (district court "abdicated its role as gatekeeper" by allowing expert "to testify without a proper foundation" in contravention of Rule 702). As the Advisory Committee made clear, that was always the correct understanding of Rule 702. The district court here properly described Rule 702 to ensure that an expert applies his methodology even-handedly to all the evidence under consideration.

### B.    Plaintiffs and their amici misconstrue Rule 702.

In contrast to the district court's careful application of Rule 702, Plaintiffs and their amici invite this Court to commit the same errors that led to the recent amendment of the rule. First, Plaintiffs and their amici refuse to acknowledge that Rule 702 (and not *Daubert* or pre-*Daubert* cases) is the source of federal law for the admission of expert witnesses.

A few examples from these briefs prove the point. All the briefs, for instance, rely on pre-2000 authority that predate Rule 702's modern form.  For instance, Plaintiffs rely on *Ambrosini v. Labarraque*, 101 F.3d 129, 134 (D.C. Cir. 1996) in support of their position. *See* Appellants' Br. at 27. But *Ambrosini*, with its pre-Rule-702 discussion of a "limited gate-

keeping role," improperly diminishes the work of the district judge. *Id.* A court must use its authority to follow Rule 702 and prevent inadequate evidence from being introduced to the jury. *See also* Appellants' Br. at 26 (focusing on the "Supreme Court's seminal decision in *Daubert*"); Appellants' Br. at 3 (citing *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d 1124, 1137 (2d Cir. 1995) as the basis for its conclusion that the district court went beyond its role).

The AAJ brief also keenly illustrates the point. As AAJ views it, the *original* Rule 702 promulgated in 1975 required "broad admissibility of testimony by qualified experts…" *See* AAJ Br. at 9. Then, the Supreme Court in *Daubert* allegedly "cement[ed] the broader admissibility of expert opinion under Rule 702." *Id.* at 13. But that's where AAJ's story ends, with no serious acknowledgment of the 2000 or 2023 amendments to Rule 702 and the centrality of the Rule to analysis of admissibility. Because AAJ fails to consider Rule 702, including the post-*Daubert* amendments, its brief states that even "cherry-picking of favorable results, ignoring of confounding factors .. .and ignoring or devaluing other studies that arrive at different results" cannot bar an expert witness from

admission to trial. AAJ Br. at 14. That is a complete rejection of Rule 702 and the law of witness admissibility.

The Law Professors Brief suffers from the very same failure to take seriously the work of the Advisory Committee. For instance, the brief cites a letter from "two professors" sent to the "Federal Rules Committee" asserting that "judges may lack strengths jurors have in evaluating scientific evidence." *See* Law Professors Br. at 8-9 (citing letter from Richard Jolly and Valerie Hans dated February 16, 2022). This citation, according to the Law Professors Brief, is meant to show that juries are skilled at looking through junk science to the truth. The citation is misleading. The Jolly-Hans letter was sent to the Advisory Committee to encourage the committee to "object" to a sentence in the Committee Note accompanying Revised Rule 702 stating that "[j]udicial gatekeeping is essential because" jurors "may be unable to evaluate meaningfully the reliability of scientific and other methods…" *See* Jolly Hans Letter, Dated February 16, 2022, available at https://www.regulations.gov/comment/USC-RULES-EV-2021-0005-0467. The problem with that argument is that the language Jolly and

Hans objected to *remains in the Committee Note*. That is, the Committee considered and then rejected the academics' critique.

Next, Plaintiffs vociferously complain that the district court committed "freeform factfinding." *See* Appellants' Br. at 27. But "when it comes to making preliminary determinations about admissibility, the judge *is* and *always has been* a factfinder." *See* Hon. Patrick J. Schiltz, Report of the Advisory Committee on Evidence Rules (May 15, 2022) at 6, in COMMITTEE ON RULE OF PRACTICE & PROCEDURE JUNE 2022 AGENDA BOOK 866 (2022) (emphasis in original). To say that the district judge may not find facts in ruling on admissibility is to misunderstand the nature of their role under Rule 104(a) of the Federal Rules of Evidence. Rule 104(a) explicitly states that the court is not bound by evidence rules, except those on privilege, when deciding preliminary questions about whether evidence is admissible. Thus, far from engaging in "freeform factfinding," the district court was properly exercising its duty to evaluate the proffered evidence and make determinations essential to the admission process.

Moreover, the cases Plaintiffs and their amici cite for their wayward articulation of Rule 702's test tell the story. Each of those cases

either predate Rule 702's modern formulation in 2000 or expressly embrace the tests that the Advisory Committee has rejected in its commentary. For instance, Plaintiffs state that a "district court may not engage in the proscribed practice of assessing the weight of conflicting evidence." *See* Appellants' Br. at 27 (cleaned up). The chief citation for that proposition is *In re Joint Eastern & Southern Dist. Asbestos Litig.*, 52 F.3d 1124 (3d Cir. 1995), a case that not only predates the 2000 amendments (much less the 2023 amendments) to Rule 702 but was about *sufficiency* of the evidence once admissibility had been conceded for the purposes of appeal. *Id.* at 1132.

Similarly, Plaintiffs' citation to *Elosu v. MiddleFork Ranch Inc.*, 26 F. 4th 1017 (9th Cir. 2022) is plagued by the Ninth Circuit's view in *Elosu* that "shaky but admissible evidence is to be attacked" by cross-examination. *Id.* at 1025. That view is incorrect under Rule 702, which is intended to make questions of the sufficiency of an expert's basis and their application of a methodology questions of admissibility, not weight. and its failure to recognize that the proponent of evidence has an obligation under Rule 702 to prove that its experts' methodologies are reliable. *See also id.* at 1025 (limiting the Rule 702 inquiry to screening

the jury from "nonsense" opinions). And, Plaintiffs' citation to *Ambrosini v. Labarraque*, 101 F.3d 129 (D.C. Cir. 1996), another pre-Rule-702 case, cannot withstand scrutiny.

The D.C. Circuit in that case simply believed that "once an expert has explained his or her methodology" and the testimony "fits" an issue in the case, it is admissible. *Id.* at 135. Whatever can be said of the appropriate rule at the time the case was decided, that conception of Rule 702 is not correct today. *See also id.* at 140 (complaining that a challenge to the expert's testimony "goes to the weight and not the admissibility of his testimony"). For that reason, in dissent Judge Henderson observed that the expert testimony in *Ambrosini* was nothing more than "unfounded testimony" that had to be excluded. *Id.* at 145.

Nor does applying Rule 702 as intended "trample" the jury right, as Plaintiffs' amici claim. *See also* Professors Amici at 3 (applying Rule 702 "inappropriately usurped the role of the jury and infringed on the parties' Seventh Amendment rights); *id.* at 11 (Rule 702's rules "disempower" the trial court's "constitutional colleagues—the jury"). Nothing could be further from the truth. The jury right—fundamental to our legal

system—depends on jurors being able to make reasoned decisions based on reliable evidence.

Rule 702 serves as a crucial guardian of this function by ensuring that expert testimony, which can be particularly influential to jurors, meets strict standards of reliability and relevance. The rule's protection of jury rights operates on multiple levels. First, it preserves the distinction between expert opinion (which must clear Rule 702's hurdles) and lay testimony (governed by Rule 701), ensuring that only genuinely specialized knowledge receives the special weight that jurors tend to give expert testimony. Second, it maintains the jury's autonomy by requiring experts to explain their methodology and reasoning, rather than simply announcing conclusions that jurors must accept on faith. The 2023 amendments to Rule 702 further strengthen these protections by clarifying that judges must find admissibility requirements met by a preponderance of evidence. This heightened gatekeeping role prevents jurors from being exposed to expert testimony that only marginally meets reliability standards.

## CONCLUSION

The district court properly applied Rule 702 in this case to exclude the unreliable expert testimony proffered by Plaintiffs. The judgment below should be affirmed.

Respectfully submitted,

*/s/   Raffi Melkonian*
Raffi Melkonian
WRIGHT, CLOSE & BARGER LLP
1 Riverway, Suite 2200
Houston, TX 77056
713-572-4321
melkonian@wrightclosebarger.com

*Attorney for Amicus Curiae Lawyers for Civil Justice*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure and Second Circuit Local Rule 32.1(a)(4)(A) because it contains 5,077 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14-point font.

Date: November 14, 2024

Respectfully submitted,

*/s/   Raffi Melkonian*
Raffi Melkonian
*Attorney for Amicus Curiae Lawyers for Civil Justice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, I electronically filed the foregoing amicus brief with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Date: November 14, 2024

Respectfully submitted,

*/s/   Raffi Melkonian*
Raffi Melkonian
*Attorney for Amicus Curiae Lawyers for Civil Justice*