# KIRKLAND & ELLIS LLP

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
+1 212 446 4970
lefkowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 25, 2025

Via Electronic Case Filing

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *In re: Acetaminophen ASD-ADHD Prods. Liab. Litig.* (2d Cir. No. 24-916)

Dear Ms. Wolfe:

Defendants-Appellees submit this response to Plaintiffs-Appellants' August 15 letter and attached article co-authored by their testifying expert, Dr. Andrea Baccarelli, and consulting expert, Ann Bauer. DE 217.1.

*First*, the Court should disregard Plaintiffs' letter because it is an improper submission under F.R.A.P. 28(j), which is limited to "pertinent and significant authorities." Plaintiffs' experts' article is not legal authority and thus falls outside the scope of Rule 28(j), which "cannot be used to submit new evidence to the appeals court." *DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005).

*Second*, this Court's review is limited to the district court's consideration of the expert's opinions as presented below—not as later articulated in a self-serving publication. *See Kernan v. N.Y. State Dep't of Fin. Servs.*, 712 F. App'x 61, 67 (2d Cir. 2017) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record."). Plaintiffs' submission is particularly inappropriate, and the opinions expressed therein especially unreliable, because they appear only in a pay-to-play journal willing to publish Dr. Baccarelli's opinions nearly two years after the decision under review.[1] This Court should not

---

[1] Environmental Health, *Fees and Funding*, https://ehjournal.biomedcentral.com/submission-guidelines/fees-and-funding.

## KIRKLAND & ELLIS LLP

Jay P. Lefkowitz
August 25, 2025
Page 2

countenance Plaintiffs' attempt to use Rule 28(j) as a vehicle for bolstering expert opinions on appeal.

  ***Finally***, even were the Court to consider Plaintiffs' submission, the article does nothing to remedy the deficiencies identified by the district court. Like Plaintiffs' experts' original reports, the article fails to acknowledge the limitations of the studies on which it relies, cherry-picks favorable results, and ignores contrary evidence. *See, e.g.*, Resp.Br. 35 (discussing Dr. Baccarelli's incomplete engagement s the ASD studies, which the article replicates). Additionally, even after presenting a one-sided account of the literature, the article only suggests that a causal relationship is "plausible." DE 217.1 at 41. That is a far more conservative conclusion than Dr. Baccarelli offered below, A-1744 (claiming "[s]ubstantial evidence supports a strong, positive, causal association"), confirming that he applies a different standard in his professional work than he employed as a paid expert here.

              Respectfully submitted,

              /s/ *Jay P. Lefkowitz*

              Jay P. Lefkowitz