# KIRKLAND & ELLIS LLP

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
+1 212 446 4970
lefkowitz@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

August 29, 2025

Via Electronic Case Filing

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *In re: Acetaminophen ASD-ADHD Prods. Liab. Litig.* (2d Cir. No. 24-916) Defendants-Appellees' Response to Plaintiffs-Appellants' August 19, 2025 Letter

Dear Ms. Wolfe:

Contrary to Plaintiffs-Appellants' assertions, *Sommerville v. Union Carbide Corp.*, 2025 WL 2383496 (4th Cir. Aug. 18, 2025), reinforces the Fourth Circuit's prior decision in *Lipitor*, which held that "[r]esult-driven analysis, or cherry picking, undermines principles of the scientific method and is a quintessential example of applying methodologies (valid or otherwise) in an unreliable fashion." *In re Lipitor*, 892 F.3d 624, 634 (4th Cir. 2018). The Fourth Circuit's case-specific determination that the expert in *Sommerville* had not engaged in cherry-picking has no bearing on this appeal.

In *Sommerville*, the Fourth Circuit found the expert had adequately supported his decision to rely on data produced by the EPA, as opposed to data produced by West Virginia, by explaining why he found the EPA data "more representative of [the plaintiff's] claims." 2025 WL 2383496, at *12. In contrast, here, Dr. Baccarelli did not merely "prefer[] some studies over others," as Plaintiffs claim. DE 218.1. Instead, as the district court found, he repeatedly "cherry picked and misrepresented study results" and "refused to acknowledge" contrary evidence. SPA-62. "A stark example of Dr. Baccarelli's result-driven analysis" is his treatment of two studies of the same cohort of children: Brandlistuen 2013 (which did not involve ADHD diagnoses) and Gustavson 2021 (which did). SPA 98-99. Dr. Baccarelli "praise[d]" Brandlistuen because "its conclusion was a better fit" for his thesis, and was "dismissive of [Gustavson's] results," without explaining that "disparate treatment." *Id*. Other instances of cherry-picking and outcome-driven reasoning abounded in Plaintiffs' experts' opinions. *See* Resp.Br. 32-33 (listing examples).

**KIRKLAND & ELLIS LLP**

August 29, 2025
Page 2

      Plaintiffs fail to show that the district court abused its discretion in determining that the experts' outcome-driven reasoning required the exclusion of their opinions. Indeed, Plaintiffs did not even *mention* the district court's findings of cherry-picking in their opening brief. Instead, Plaintiffs effectively argued that experts are *permitted* to cherry-pick favorable studies, and if an expert can identify a single study that can be read to support his opinion, his testimony is *ipso facto* reliable and admissible. *See* Opening.Br. 28. By reaffirming that cherry-picking renders expert testimony unreliable, *Sommerville* reinforces that Plaintiffs' argument is mistaken.

      Respectfully submitted,

      /s/ *Jay P. Lefkowitz*

      Jay P. Lefkowitz