# Keller | Postman

July 15, 2026

**<u>VIA ECF</u>**

Ms. Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007

  Re.   *In Re: Acetaminophen – ASD–ADHD Products Liability Litigation,*
          Appeal Nos. 24-916(L), 24-1121 (con), 24-2360 (con), and 24-2594

Dear Ms. Wolfe

In response to the Court's July 13, 2026 Order,[1] Plaintiffs-Appellants urge the Court to unseal the Court's opinion in full. Under established precedent, there is simply no basis to keep from public view the entire opinion and Exhibit 109 to the Declaration of Ashley C. Keller, App'x 6601–81.

"As this court has recognized, 'the common law right of public access to judicial documents is firmly rooted in our nation's history.'" *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (per curiam) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "This right is said to predate the Constitution." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (cleaned up). "The presumption of public access is based on the need for independent federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *Giuffre*, 146 F.4th at 175 (cleaned up). "Thus, 'professional and public monitoring' of the courts 'is an essential feature of democratic control' of the third branch of government, which necessarily requires public 'access

---

[1] Appeal No. 24-916(L), Dkt. No. 266; Appeal No. 24-2594, Dkt. No. 117.

# Keller | Postman

to testimony and documents that are used in the performance of Article III functions.'" *Id.* (quoting *Lugosch* 435 F.3d at 119).

The "largely settled" standard proceeds in three steps. *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69 (2d Cir. 2023). "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Id.* (citation omitted). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 121. "Second, 'if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document.'" *Stafford*, 78 F.4th 62 at 70 (citation omitted). "[W]here documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by extraordinary circumstances." *Bernstein*, 814 F.3d at 142 (cleaned up). "Third, 'the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.'" *Stafford*, 78 F.4th 62 at 70 (citation omitted).

The three-step inquiry compels public access here. First, there can be no dispute that the exhibit is a "judicial document." Second, because the document was quoted by this Court in its "exercise of Article III judicial power" to determine the substantive rights of the parties, the presumption of access is at its zenith. *Bernstein*, 814 F. 3d at 142. Third, Defendant-Appellees cannot possibly show the sort of extraordinary circumstances that would overcome the presumption of access. The exhibit shows an almost eight-year-old internal analysis of largely

# Keller | Postman

public information.  While Kenvue might be *embarrassed* to disclose this internal document, that corporate discomfort is nothing like disclosure that "would reveal details of an ongoing investigation, pose a risk to witnesses, endanger national security, or reveal trade secrets."  *Id.* at 143.  The document in no way implicates proprietary information or attorney-client privileged material, and "[o]nce these rationales fall away, only insubstantial arguments remain."  *Id.* at 143.

The document and the opinion quoting the document should be entirely unsealed.  *See Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022).

Respectfully submitted,

*/s/ Ashley Keller*
Ashley C. Keller
KELLER POSTMAN LLC
150 N. Riverside Plaza LLC, Ste. 4100
Chicago, Illinois 60606
(312) 741-5220
ack@kellerpostman.com

3